UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00133-MOC-DCK

| | | |
|---|---|---|
| **KENNETH ASHBY,** | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CITY OF CHARLOTTE,** | ) | |
| | ) | |
| Defendant(s). | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed and a hearing was conducted on September 11, 2013.

I.  **Applicable Standard**

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an

1

objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

II.     **Motion to Dismiss First Amendment Section 1983 Claim**

Defendant has moved under Rule 12(b)(1) to dismiss plaintiff's pro se Complaint for lack of Article III standing. Defendant contends that plaintiff lacks the requisite "injury in fact" to create a justiciable controversy.

The court has considered plaintiff's pro se Complaint in a light most favorable to him. He contends that CMPD forced colleagues who were carrying crosses, which he had built for the rally, to lower those crosses through a misapplication of Charlotte City Code, § 19-303(d). He contends that the purpose of such crosses was to bring to the attention of the public the plight of the homeless in downtown Charlotte and that his colleagues were holding those crosses at his request.

In recommending dismissal of such claim, Judge Keesler noted that the officers who asked that the crosses be lowered did so "to enforce a valid city Code" and that while plaintiff's Complaint "suggests that the crosses complied with the City Code," he has not alleged any facts that would support such a claim. M&R (#11) at 6. Further, the magistrate judge cites other deficiencies in the Complaint, including the lack of an allegation that the City Ordinance which the officers were enforcing is invalid or unconstitutional. Id. Although district courts must liberally construe *pro se* complaints, courts cannot act as the *pro se* plaintiff's advocate and cannot develop claims which the plaintiff failed to clearly raise on the face of the Complaint. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not

expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). As a result, even a *pro se* plaintiff's basis for relief "requires more than labels and conclusions...." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). While the court finds no fault in Judge Keesler's findings of fact or conclusions of law, this court has determined that a more liberal interpretation of plaintiff's pr*o se* Complaint as to claims made as well as standing is appropriate in light of a recent decision of the Court of Appeals for the Fourth Circuit, discussed infra.

Construing the *pro se* Complaint liberally, plaintiff contends that police officers of the City of Charlotte both properly and improperly enforced City Code, § 19-303(d) at his last rally to draw attention to the plight of the homeless. First, he contends that the officers properly applied the code to banners and other signs he and his colleagues were holding in the public right-of-way, conceding that those were "signs" covered by the City Ordinance. He further contends, however, that officers misapplied the City Ordinance in violation of his First Amendment right to free speech when officers required his colleagues to lower wooden crosses, which he contends were not "signs," but were religious symbols meant to draw the public's attention to the treatment of the homeless in Charlotte. As to standing, plaintiff appears to contend that due to such prior enforcement of the City Ordinance in a manner which prevented the carrying of crosses he built, plaintiff has sought to challenge the City Ordinance in this action rather than risk arrest or citation for violation of the City Ordinance by bringing his crosses to future rallies.

Recently, the Court of Appeals for the Fourth Circuit has made very clear that what constitutes an injury in fact in First Amendment claims must be broadly construed due to the chilling effect an ordinance may have on the right to free speech. See Cooksey v. Futrell, __ F.3d __, No 12-2084 (4th Cir. June 27, 2013). Article III of the United States Constitution "gives federal courts jurisdiction only over cases and controversies, and the doctrine of standing identifies disputes appropriate for judicial resolution." Miller v. Brown, 462 F.3d 312, 316 (4th Cir. 2006) (internal quotation marks and citations omitted). In bringing the Motion to Dismiss, defendant has quite properly relied on Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) in arguing that plaintiff lacks standing, which has three elements:

> First, the plaintiff must have suffered an injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Id. at 560 (1992) (internal quotation marks, citations, and alterations omitted). Defendant does not acknowledge in its brief, however, that standing requirements are relaxed in First Amendment cases:

> Even where a First Amendment challenge could be brought by one actually engaged in protected activity, there is a possibility that, rather than risk punishment for his conduct in challenging the statute, he will refrain from engaging further in the protected activity. Society as a whole then would be the loser. Thus, when there is a danger of chilling free speech, the concern that constitutional adjudication be avoided whenever possible may be outweighed by society's interest in having the statute challenged.

Secretary of State of Md. v. Joseph H. Munson Co., Inc., 467 U.S. 947, 956 (1984). As the appellate court found in Cooksey, supra, "[t]he leniency of First Amendment standing manifests itself most commonly in the doctrine's first element: injury-in-fact." The injury-in-fact element

4

is commonly satisfied by a sufficient showing of "self-censorship, which occurs when a claimant is chilled from exercising h[is] right to free expression." Benham v. City of Charlotte, 635 F.3d 129, 135 (4th Cir. 2011) (internal quotation marks omitted). When read liberally, plaintiff is clearly contending that even though he believes that the City Ordinance has no application to his crosses, he will not be bringing those symbols to future rallies based on a fear that he and/or colleagues he enlists to hold such crosses will be arrested or cited. Such fears do not appear to be subjective, but a very plausible threat of future harm. The court will, therefore, deny defendant's Motion to Dismiss in its entirety, with leave granted to revisit the substance of such contention at the summary judgment stage.

### III.   Additional Motions

#### A.   Plaintiff's Motion for Summary Judgment (#12)

Subsequent to entry of the M&R, plaintiff filed a Motion for Summary Judgment, which the court has deemed to be plaintiff's objections. While that motion will be denied, the court has considered the objections contained therein.

#### B.   Motion for Extension of Time to Amend Complaint

As discussed at the hearing, the court will allow plaintiff to amend his Complaint. Plaintiff should pay particular attention to what provision of the City Ordinance he believes violates his First Amendment rights, the precise activity which he believes such Ordinance improperly prevents, and what impact the application of such Ordinance has had on him as to his past, present, and future speech.

While plaintiff will have 14 days to file such amendment, the court will stay the defendant's obligation to Answer or otherwise respond so that the parties may engage in early mediation. The court will recommend that the parties consider engaging either Lane Williamson

or Luke Largess, both members of the Charlotte Bar with extensive federal experience.

## IV. Conclusion

After such careful review, the court determines that while the recommendation of the magistrate judge is well reasoned, the court will elect to more liberally construe the pro se Complaint and apply a more relaxed standing requirement. Based on such determinations, the court will deny the Motion to Dismiss without prejudice as to readdressing such concerns at summary judgment.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the court declines the recommendation in the Memorandum and Recommendation (#11) that the Motion to Dismiss be granted at this point, but otherwise accepts the M&R, and enters the following Order: defendant's Motion to Dismiss (#5) is **DENIED WITHOUT PREJUDICE;**

(2) plaintiff's Motion for Summary Judgment (#12) is **DENIED WITHOUT PREJUDICE;** and

(3) plaintiff's Motion for Extension of Time to Amend Complaint (#13) is **ALLOWED**, and plaintiff shall file his Amended Complaint within 14 days. Defendant's Answer or other responsive pleading is **STAYED** pending completion of early mediation.

Signed: September 24, 2013

Max O. Cogburn Jr.
United States District Judge